IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FACEBOOK INC.** | : | **NO. 16-2075** |
| **MARK ZUKERBERG** | : | |

**MEMORANDUM**

**DAVIS, J.**                                                                                                         **MAY 23, 2016**

      Plaintiff Jimi Rose brings this civil action against Facebook and its CEO, Mark Zuckerberg (spelled Mark Zukerberg in the caption), based on allegedly defamatory statements that an individual posted about plaintiff on the social media website Facebook. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

      Approximately two and a half weeks before he filed this lawsuit, plaintiff was informed that an individual by the name of Dawn Gold, whom he does not know, posted statements about him on the internet alleging that he "was a rapist and a child molester." Plaintiff alleges that the statements are false. He wrote to Facebook and Mr. Zuckerberg asking that the statements be removed, but they apparently remained on Facebook at the time plaintiff filed his complaint. Accordingly, plaintiff initiated this lawsuit against Facebook and Zuckerberg seeking to have the statements removed. He purports to be raising claims under 42 U.S.C. § 1985 because he believes that "he has become the victim of a white racist lady and her white racist friends who have but one designed purpose in mind and that is to do great bodily damage and injury both psychologically and physically to the plaintiff and his minor children." (Compl. at 2.)

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.*

The Court will dismiss plaintiff's § 1985 claims as frivolous because his allegations border on the factually frivolous, especially in light of plaintiff's litigation history, which reveals his delusional perception that any wrong against him stems from a racist plot or conspiracy.[1] *See Brown v. City of Phila.*, 331 F. App'x 898, 900 (3d Cir.2009) (per curiam) (taking into account pro se litigant's abusive litigation history when reviewing his complaint); *see also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) ("[T]he district court was entitled to draw upon its familiarity with [plaintiff's] prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." (quotations omitted)). To the extent plaintiff's complaint can be construed as raising constitutional claims pursuant to 42 U.S.C. § 1983, his claims fail because the defendants are not state actors. *See*

---

[1] *See, e.g.*, E.D. Pa. Civ. A. Nos. 16-2225, 15-6578, 15-2002, 13-5194, 12-5765.

*West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). To the extent plaintiff is raising defamation claims under state law, his claims are barred by the Communications Decency Act, which precludes defamation claims against providers of interactive computer services based on statements posted by third parties. *See* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); *DiMeo v. Max*, 248 F. App'x 280, 281-82 (3d Cir. 2007); *Green v. America Online*, 318 F.3d 465, 470-71 (3d Cir. 2003).

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.